IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RIGOBERTO VAZQUEZ HERNANDEZ, §<br>#1984880, §<br>　　　　　　　PETITIONER, §<br>　§<br>v. §<br>　§<br>LORIE DAVIS, DIRECTOR, §<br>TEXAS DEPARTMENT OF CRIMINAL §<br>JUSTICE, CORRECTIONAL §<br>INSTITUTIONS DIVISION DIV., §<br>　　　　　　　RESPONDENT. § | CIVIL CASE NO. 3:19-CV-13-S-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management. As detailed here, the habeas petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I.   BACKGROUND**

In 2015, a jury found Petitioner Rigoberto Vazquez Hernandez guilty of capital murder and the trial court assessed punishment at life imprisonment without parole. *Hernandez v. State*, No. F13-59234 (203rd Judicial Dist. Ct., Dallas Cty., Tex., Feb. 6, 2015), *aff'd*, No. 05–15–00198–CR, 2016 WL 1446269 (Tex. App.—Dallas, Apr. 12, 2016, pet. ref'd).  He unsuccessfully sought state habeas relief. *Ex parte Hernandez*, No. WR-88,832-01 (Tex. Crim.

App. Sep. 19, 2018).[1]  On January 4, 2019, Hernandez filed his *pro se* federal habeas petition in the instant case, challenging his conviction and claiming the trial court failed to instruct the jury on self-defense.  Doc. 3 at 7.  As his federal petition appeared untimely, the Court directed Hernandez to respond regarding the application of the one-year limitations period, which he has since done.  Doc. 9.  Having now reviewed all of the applicable pleadings, the Court concludes that Hernandez's petition was filed outside the one-year limitations period and, because no exception applies, it should be dismissed as time barred.

**II.    ANALYSIS**

    **A.  One-Year Statute of Limitations and Statutory Tolling**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.  *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006).  Hernandez does not allege any facts that could trigger a starting date under Subsections 2254(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Hernandez's conviction became final on October 25, 2016—90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on July 27, 2016.  *See*

---

[1] The state habeas docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-88,832-01&coa=coscca (last accessed Mar. 15, 2019).

*Hernandez*, 2016 WL 1446269; Sup. Ct. R. 13(1) and (3); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003).[2]  The limitations period expired one year later, on October 25, 2017.

Contrary to Hernandez's assertion, the mandate date of September 6, 2016, is inapplicable in calculating the one-year period.  *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (holding issuance of mandate does not control when conviction becomes final for purposes of one-year limitations period).  Moreover, his contention that the Court of Criminal Appeals refused discretionary review on June 13, 2017, instead of July 27, 2016, is unsupported and refuted by the online record as previously noted.  *See* Doc. 4 at 1; Doc. 9 at 2.  Also, because Hernandez did not sign his state application until May 31, 2018, almost seven months after the limitations period expired, he is not entitled to statutory tolling.[3]  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Consequently, the petition *sub judice*, deemed filed on December 20, 2018, is clearly outside the one-year limitations period, absent equitable tolling.[4]

---

[2] An electronic copy of the order denying the petition for discretionary review in No. PD-0514-16 is available on the online docket sheet at http://search.txcourts.gov/Case.aspx?cn=PD-0514-16&coa=coscca (last accessed Mar. 15, 2019).

[3] The state application was signed on May 31, 2018, and filed on June 14, 2018.  *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application).  An electronic copy of the application is available on the online docket sheet at http://courtecom.dallascounty.org/publicaccess/ (last accessed Mar. 15, 2019) (Case No. W1359234A).

[4] The Court deems the federal petition filed on December 20, 2018, the date Hernandez certified placing it in the prison mail system.  Doc. 3 at 12; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (providing "mailbox rule" is applicable to inmates who use jail/prison's internal mailing system).

### B. Equitable Tolling

Hernandez's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (quotations and quoted case omitted)). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (noting "equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).

Furthermore, this is not a case in which Hernandez pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period, waiting more than 19 months from the date his conviction became final to file his state habeas application. Moreover, Hernandez's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) (finding that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Hernandez avers that he placed in the prison mail a motion for extension of time to file an application for writ of habeas corpus on September 30, 2018. Doc. 9 at 3. Surmising that the motion was received and that an extension was granted, he requests that the earlier "extension be extended to December 21, 2018." Doc. 9 at 3. However, even considering the September 2018

mailing, which the Clerk of the Court has no record of receiving, Hernandez's federal petition was filed well outside the one-year period.

Consequently, Hernandez has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED** on April 2, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).